IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 24-00029-04-CR-W-BP

RASHONDA GOLDEN,

Defendant.

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1.     **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, and Paul S. Becker, Assistant United States Attorney, and the defendant Rashonda Golden, ("the defendant"), represented by David Kelly.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2.     **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 of the Indictment charging her with a violation of 18 U.S.C. § 1349, that is, conspiracy to commit wire fraud. By entering into this plea agreement, the defendant admits that she knowingly committed

this offense and is in fact guilty of this offense. The defendant agrees to pay restitution in the amount of $41,666.33.

**3.** **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which she is pleading guilty are as follows:

Beginning on or about February 2021, and continuing through at least July 2022, in the Western District of Missouri, and elsewhere, the defendant Rashonda Golden and Daisha Sanders, did knowingly combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, well knowing and having reason to know that said pretenses were and would be false and fraudulent when made and caused to made and that said omissions were and would be material, and in furtherance thereof transmitted and caused to be transmitted interstate wire communications, contrary to Title 18, United States Code, Section 1343.

Prior to March 6, 2021, the defendant provided personal identification information to Daisha Sanders. Thereafter, on or about March 6, 2021, Daisha Sanders submitted an online application for a COVID-19 relief PPP loan. The defendant's loan application was received by Itria Ventures.

The defendant's loan application listed average monthly payroll of $10,657 and a Schedule C which listed Gross receipts of $62,356. The Schedule C, Line 31 further stated Net income as $50,296. Ms. Golden did not have a business during that time with gross income and net income in those amounts.

2

The defendant's loan application provided the following as the bank account associated her business: Bank of America. The bank account was a personal checking account held by the defendant.

On or about March 10, 2021, the defendant's personal account at Bank of America received a wire deposit from Itria Ventures in the amount of $20,833. On March 11, 2021, Rashonda Golden transferred $2,500 to Daisha Sanders' Zelle account.

The defendant spent the remaining loan proceeds on personal expenses, not associated with any business.

Prior to February 18, 2021, the defendant provided personal identification information to Daisha Sanders. Thereafter, on or about February 18, 2021, Daisha Sanders submitted an online application for a COVID-19 relief PPP loan. The defendant's loan application was received by Itria Ventures.

The defendant's loan application listed average monthly payroll of $9,281. Ms. Golden did not have a business during that time with gross income and net income in those amounts.

The defendant's loan application provided the following as the bank account associated her business: Navy Federal Credit Union (NFCU). The bank account was a personal checking account held by the defendant.

On or about March 11, 2021, the defendant's personal account at NFCU received a wire deposit from Itria Ventures in the amount of $20,833.33. The defendant spent the loan proceeds on personal expenses, not associated with any business.

4.     **Use of Factual Admissions and Relevant Conduct.**     The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other

3

portions of this plea agreement will be used for the purpose of determining her guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2).

5. **Statutory Penalties.** The defendant understands that upon her plea of guilty to conspiracy to commit wire fraud, Count One of the Indictment, the maximum penalty the Court may impose is not more than twenty (20) years of imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 mandatory special assessment which must be paid in full at the time of sentencing.

6. **Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

    a.    in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b.    the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c.    in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years; that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

    d.    if the defendant violates a condition of her supervised release, the Court may revoke her supervised release and impose an additional period of imprisonment of up to two years without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed one year, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

    e.    the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

4

f.     any sentence of imprisonment imposed by the Court will not allow for parole; and

g.     the defendant may not withdraw her guilty plea solely because of the nature or length of the sentence imposed by the Court.

**7.     Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the submission of a false PPP loan application listed above for which it has venue, and which arose out of the defendant's conduct described above. The government also agrees, at the time of sentencing to move to dismiss Count Five of the indictment.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives her right to challenge the initiation of the dismissed or additional charges against her if she breaches this agreement. The defendant expressly waives her right to assert a statute of limitations defense if the dismissed or additional charges are initiated against her following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against her following a breach of this plea agreement, she will not be allowed to withdraw her guilty plea.

5

**8.** **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the counts to which she has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

**9.** **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw her plea of guilty only if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts her plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range or imposes a sentence that the defendant does not expect, like or agree with, she will not be permitted to withdraw her plea of guilty.

6

**10.** **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

b. The applicable Guidelines section for the offense of conviction is U.S.S.G. §§ 2B1.1(a)(1) & (b)(1)(D), which provides for a base offense level of 7 and a 6-level increase for a loss more than $40,000 and less than $95,000; [1]

c. The defendant has admitted her guilt and clearly accepted responsibility for her actions and has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, she is entitled to a two-level reduction pursuant to § 3E1.1(a) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and her pretrial release; or (2) attempts to withdraw her guilty plea, violates the law, or otherwise engages in conduct inconsistent with her acceptance of responsibility;

d. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

e. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw her plea of guilty;

f. The United States agrees not to seek an upward departure from the Guidelines or a sentence outside the Guidelines range, and defendant may seek a downward departure from the Guidelines or a sentence outside the Guidelines range. The agreement by the government to not seek a departure from

---

[1] The defendant may also qualify for a two level decrease in the offense level as an "Adjustment for Certain Zero-Point Offenders", U.S.S.G. § 4C1.1, effective November 1, 2023.

7

the Guidelines is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable";

g.      The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay;

h.      The defendant understands and agrees that the factual admissions contained in Paragraph 3 of this plea agreement, and any admissions that she will make during her plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11.      Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.      Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

8

**13.**    **Government's Reservation of Rights.**  The defendant understands that the United States expressly reserves the right in this case to:

a.    oppose or take issue with any position advanced by defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b.    comment on the evidence supporting the charges in the indictment;

c.    oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d.    oppose any post-conviction motions for reduction of sentence, or other relief.

**14.**    **Waiver of Constitutional Rights.**  The defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

a.    the right to plead not guilty and to persist in a plea of not guilty;

b.    the right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

c.    the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d.    the right to confront and cross-examine the witnesses who testify against her;

e.    the right to compel or subpoena witnesses to appear on her behalf; and

f.    the right to remain silent at trial, in which case her silence may not be used against her.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court

9

may ask questions about the offense or offenses to which she pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, the answers may later be used against her in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

### 15. Waiver of Appellate and Post-Conviction Rights.

a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement she waives the right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

### 16. Financial Obligations. By entering into this plea agreement, the defendant

represents that she understands and agrees to the following financial obligations:

a. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

10

b. The defendant will fully and truthfully disclose all assets and property in which she has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee, or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

d. The defendant hereby authorizes the USAO to obtain a credit report pertaining to her to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

e. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of her fulfillment of this obligation at the time of sentencing.

f. The defendant certifies that she has made no transfer of assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that she will make no such transfers in the future.

g. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by $10,000 or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% of the value of any previously undisclosed assets. The defendant agrees not to contest any

11

collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives all of her rights, whether asserted directly or by a representative, to request or receive, or to authorize any third party to request or receive, from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all of her claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw her plea of guilty.

The defendant also understands and agrees that in the event she violates this plea agreement, all statements made by her to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by her before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against her in any and all criminal proceedings. The defendant waives any rights that she might assert under the United States Constitution,

12

any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by her subsequent to this plea agreement.

**20.** **Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, her attorneys or any other party to induce her to enter the plea of guilty.

**21.** **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

**22.** **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this

13

agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Teresa A. Moore
United States Attorney

Dated: __11/06/24__            _Paul S Becker_
Paul S. Becker
Assistant United States Attorney

I have consulted with my attorneys and fully understand all my rights with respect to the offenses charged in the information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: __11/06/24__            _____
Rashonda Golden
Defendant

I am defendant Rashonda Golden's attorney. I have fully explained to her the rights with respect to the offenses charged in the information. Further, I have reviewed with her the provisions of the Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with her. To my knowledge, Rashonda Golden's decision to enter into this plea agreement is an informed and voluntary one.

Dated: __11/06/24__            _____
David Kelly
Attorney for Defendant Rashonda Golden

14